## RAHN v RAHN

Ohio Appeals, 2nd Dist, Darke Co

No 424.   Decided Oct 9, 1934

Billingsley & Manix, Greenville, and John F. Maher, Greenville, for plaintiff in error.

George W. Porter, Greenville, and Murphy & Staley, Greenville, for defendant in error.

## OPINION

By KUNKLE, J.

The defendant in error, C. R. Rahn, has filed an application with this court seeking to vacate a judgment entry of this court dated June 2, 1934.

The application to vacate such former judgment entry is based upon the ground that this court was without jurisdiction to disturb on error proceedings, the findings or judgment of the Common Pleas Court or to fix the amount which should be awarded as alimony as its jurisdiction in such a proceeding consisted of either reversing or affirming the judgment of the lower court.

Did this Court of Appeals have jurisdiction to modify the judgment of the Common Pleas Court in the respects stated in detail in its judgment entry of June 2, 1934?

The jurisdiction of the Court of Appeals is defined by the Constitution of Ohio.

**Sec 6, of Article IV of the present Constitution of Ohio** deals with the Court of Appeals and among other things provides that:

"The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, **to review, affirm, modify, or reverse** the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district **as may be provided by law,** * * *"

The black face is ours.

This provision of the Constitution clearly confers upon the Court of Appeals juris-

diction to modify the judgments of the Court of Common Pleas in such manner as may be provided by law.

There are various sections of our Code which throw some light upon this question.

Sec 12247 GC provides that:

"A judgment rendered or final order made by a Court of Common Pleas or by the Superior Court of Cincinnati or by the Municipal Court of Cleveland, or by a judge of any of such courts, may be reversed, vacated **or modified,** by the Court of Appeals having jurisdiction in the county wherein the Common Pleas, Superior or Municipal Court is located, for errors appearing on the record."

Sec 11364 GC relates to the Rule of Practice in civil cases governing proceedings in error, and among other things contains the following provisions:

"* * * In case such reviewing court shall determine and certify that in its opinion substantial justice has been done to the party complaining as shown by the record, all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial to the party complaining and shall be disregarded and such judgment or decree under review shall be affirmed, **or it shall be modified** if in the opinion of such reviewing court a modification thereof will do more complete justice to the party complaining. * * *"

Without quoting further from the sections of our Code or the authorities submitted, we are of opinion that this court had jurisdiction to modify the judgment of the Common Pleas Court in the respects stated in the journal entry of June 2, 1934.

The application to vacate such judgment entry will therefore be denied.

The application for a rehearing and the amended and supplemental application for rehearing filed by defendant in error will be overruled.

An entry may be drawn as herein suggested.

HORNBECK, PJ, and BARNES, J, concur.